UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| JAMES C. JOHNSON, ) | |
| ) | |
| Plaintiff, ) | Case No. 3:19-cv-0003-GFVT |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| OFFICER HUFF, et al., ) | **&** |
| ) | **ORDER** |
| Defendants. ) | |
| ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

*Pro se* plaintiff James Johnson has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against six Franklin County Regional Jail employees. Johnson claims, among other things, that he was deprived of meals in violation of his constitutional rights, and he seeks new jail policies with respect to inmate food. Johnson has been granted pauper status, and his complaint is now before the Court for an initial screening. For the reasons that follow, Johnson's claims against the defendants individually will be **DISMISSED**, but an official capacity claim against Franklin County, Kentucky, may **PROCEED**.

**I**

James Johnson is an inmate at the Franklin County Regional Jail. Proceeding without an attorney, Johnson filed a civil rights complaint under 42 U.S.C. § 1983 alleging several violations of his constitutional rights. Johnson's complaint claims that on at least two separate occasions, jail staff did not put out enough food trays at mealtime to feed all of the inmates. The complaint states that jail staff essentially required the inmates to race one another for their food, musical-chairs style. On two occasions Johnson did not get to a food tray in time, and he was

therefore deprived of that meal altogether. [*See* R. 1 at 2-5.] The complaint also claims that Johnson attempted to file grievances for the two meal deprivations but was unable to do so, and that on a separate third occasion, Officer Holland gave Johnson a "special tray for filing grievances" which included a burned piece of pizza and only half-servings of the regular meal. [*Id.* at 3.] Johnson does not seek monetary damages for the alleged constitutional violations but instead requests "New policies to ensure rights of inmates at this facility. Move officers around so I'm not retaliated against by the same ones. Make sure every inmate is fed at every meal. Also ensure each tray has enough food." [*Id.* at 10.] Furthermore, Johnson's complaint never specifies whether he is suing the six named defendants in their individual or official capacities.

Pursuant to 28 U.S.C. § 1915(e)(2), the Court shall dismiss any portion of Johnson's complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). Because Johnson is proceeding without an attorney, the Court evaluates his complaint under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage of the proceedings, the Court accepts Johnson's factual allegations as true and liberally construes Johnson's legal claims in his favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

**II**

Upon the Court's § 1915 screening, Johnson's complaint will be dismissed in part but will also proceed in part. As an initial matter, Johnson as a *pro se* plaintiff may assert only his own claims and not those of other inmates. On multiple occasions, the complaint references facts and requests for relief that are relevant to other Franklin County Regional Jail inmates. [*See, e.g.*, R. 1 at 5, 10.] But the Sixth Circuit has long recognized that "plaintiffs in federal court may not appear pro se where interests other than their own are at stake." *Olagues v.*

*Timken*, 908 F.3d 200, 203 (6th Cir. 2018) (internal quotation marks and citation omitted). Put another way, *pro se* litigants may not "try[ ] to assert the rights of others." *Id.* Any claims Johnson hoped to assert on behalf of other inmates will therefore be dismissed for failure to state a claim upon which relief may be granted.

Next, the Court reiterates that Johnson's complaint fails to specify whether the defendants are being sued in their individual or official capacities. [*See* R. 1.] The Sixth Circuit "require[s] § 1983 plaintiffs to set forth clearly in their pleading that they are suing the state defendants in their individual capacity for damages, not simply in their capacity as state officials." *Shepard v. Wellman*, 313 F.3d 963, 967 (6th Cir. 2002) (internal quotation marks and citation omitted). Although Johnson has failed to do so here, the Court for the sake of completeness and leniency towards the *pro se* plaintiff will address Johnson's claims as if he sued each defendant in both his or her individual and official capacities.

The complaint alleges (1) that Johnson was denied a food tray on two separate occasions by Officers McGuire and Huff; (2) that on another occasion Johnson was given a smaller, burned portion of the meal by Officer Holland; and (3) that the more senior jail employees failed to properly supervise their deputies. [R. 1 at 2-5.] To the extent Johnson wished to bring these claims against the six defendants in their individual capacities, those claims are all dismissed upon screening for failure to state a claim upon which relief may be granted.[1]

First, the three food-related incidents Johnson describes in his complaint do not set forth a cognizable Eighth Amendment claim. "The deprivation of life's necessities, such as food or water, can constitute a claim under the Eighth Amendment, but the withholding of meals, while it may result in some discomfort to the prisoner, does not result in a health risk to the prisoner

---

[1] The Court also reiterates that Johnson does not seek monetary damages against any of the defendants individually, but only injunctive relief. [See R. 1 at 10.]

sufficient to qualify as a [constitutional violation] where the prisoner continues to receive adequate nutrition." *Richmond v. Settles*, 450 F. App'x 448, 456 (6th Cir. 2011) (internal citation omitted). Case law suggests that Johnson's deprivation of a meal tray on two isolated occasions does not rise to the level of cruel and unusual punishment, nor does the fact that he was given a smaller, burned portion of one meal on a still separate occasion. *See id.* (deprivation of seven meals over a six day period did not rise to the level of an Eighth Amendment violation); *Miller v. Wertanen*, 109 F. App'x 64, 65 (6th Cir. 2004) (single deprivation of food tray did not state a cognizable Eighth Amendment claim); *Berry v. Brady*, 192 F.3d 504 (5th Cir. 1999) (an inmate's § 1983 claim for the denial of eight meals was properly dismissed for failure to state an Eighth Amendment violation). Therefore, the complaint's attempt to sue Officers Huff, McGuire, and Holland in their individual capacities for violating Johnson's Eighth Amendment right to adequate nutrition fails the § 1915 screening.

The complaint also claims that the higher ranking employees (Captain Wilson, Sergeant Benedict, and Sergeant Talricko) failed to appropriately supervise the three named correctional officers responsible for the food deprivations. Construing the complaint's allegations as claims against those three defendants in their individual capacities, those claims also fall short on screening. With respect to a supervisor's failure to train and oversee his staff, the Sixth Circuit has stated:

> In order to establish personal liability for a failure to train and supervise there must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. *At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate.*

*Coley v. Lucas Cnty., Ohio*, 799 F.3d 530, 542 (6th Cir. 2015) (internal quotation marks and citation omitted) (emphasis in original). Johnson has made no such showing here, instead

4

mentioning the three supervisory defendants in passing and stating only that they "failed to oversee their deputies or ensure the rights of inmates they are responsible for."  [R. 1 at 4.]  Accordingly, the claim must be dismissed.

However, Johnson's allegations against the six defendants in their official capacities survive the preliminary screening.  Notwithstanding its label, an "official capacity" claim against a state officer is not a claim against the officer arising out of his or her conduct as an employee of the state but rather a claim directly against the employing state agency.  *See Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (explaining that individual capacity claims "seek to impose personal liability upon a government official for action he takes under color of state law" while "individuals sued in their official capacities stand in the shoes of the entity they represent").  Any official capacity claims in Johnson's complaint are therefore more appropriately considered civil rights claims against the Franklin County Regional Jail.

Still, the Franklin County Regional Jail itself is not a suable entity apart from the county that operates it.  *See, e.g.*, *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of [the plaintiff's] complaint.").  The Court will thus construe the complaint's official capacity claims as claims against Franklin County, noting that Franklin County may only be held liable if Johnson's injuries were the result of an unconstitutional policy or custom of the county.  *Id.*; *see also Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978).  Since Johnson does appear to allege the defendants were operating consistent with an unconstitutional policy, [*see* R. 1 at 10 (seeking "new policies" to "[m]ake sure every inmate is fed at every meal" and to "ensure each tray has enough food")], that allegation survives the Court's preliminary screening.  Accordingly, because Johnson is proceeding *in forma pauperis*,

the United States Marshals Service will serve the summons and complaint on Franklin County on Johnson's behalf. *See* Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d).

**III**

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Johnson's claims against the all defendants in their individual capacities are **DISMISSED**;

2. Since Johnson's claims against the defendants in their official capacities are properly construed as claims against Franklin County, Kentucky, the Clerk's Office shall **ADD** Franklin County, Kentucky, as a defendant in this matter and shall **TERMINATE** all other defendants;

3. A Deputy Clerk shall prepare one "Service Packet" for service upon Franklin County. The Service Packet shall include:

   a. a completed summons form;

   b. the complaint [R. 1];

   c. the order granting Johnson pauper status [R. 6];

   d. a copy of this order; and

   e. a completed USM Form 285;

4. The Deputy Clerk shall send the Service Packet to the United States Marshals Service ("USMS") in Lexington, Kentucky, and shall note the date of delivery in the docket;

5. The USMS shall serve Franklin County, Kentucky, by personally serving Franklin County Judge-Executive Huston Wells at 321 West Main Street, Frankfort, Kentucky, 40601;

6. Johnson must immediately advise the Clerk's Office of any change to his current mailing address. Failure to do so may result in dismissal of this case; and

7. If Johnson wishes to seek relief from the Court, he must do so by filing a formal motion sent to the Clerk's Office. Every motion Johnson files must include a written certification that he has mailed a copy of it to the defendants or their counsel and must state the date of mailing. The Court may disregard letters sent directly to the judge's chambers or motions lacking a certificate of service.

This the 12th day of March, 2019.

Gregory F. Van Tatenhove
United States District Judge