UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| JAMES C. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:19-cv-0003-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| OFFICER HUFF, et al., | ) | **&** |
| | ) | **ORDER** |
| Defendants. | ) | |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

While incarcerated at the Franklin County Regional Jail, *pro se* plaintiff James Johnson filed a civil rights complaint alleging that he was deprived of meals in violation of his constitutional rights. [R. 1.] The only claim that survived the Court's preliminary screening under the Prison Litigation Reform Act was a claim for injunctive relief against Franklin County, Kentucky. [*See* R. 7.] Johnson is no longer housed at the Franklin County Regional Jail, which moots his request for injunctive relief. Therefore, the present matter is **DISMISSED**.

**I**

In January 2019, *pro se* plaintiff James Johnson filed a civil rights complaint against six employees of the Franklin County Regional Jail, alleging that he had been deprived of meals in violation of his constitutional rights. [*See* R. 1.] At the time, Johnson remained incarcerated at the Franklin County Regional Jail. [*Id.*] Pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court conducted a preliminary screening of the matter and dismissed the majority of Johnson's claims. [R. 7.] Nevertheless, because the complaint alleged that Johnson suffered from unconstitutional meal policies while serving time at the Franklin County Regional Jail, the Court

allowed Johnson's official capacity claim for injunctive relief against Franklin County to proceed. [*See id.* at 5-7.]

Two things have changed since the time the Court entered its screening order. First, Johnson was transferred from the Franklin County Regional Jail to the Woodford County Detention Center.[1] [*See* R. 12-2; R. 12-3.] Second, Franklin County was served with process and has now filed a motion to dismiss the claim for injunctive relief. [R. 12.] Franklin County's motion sets forth several arguments for dismissal, one being that Johnson's claim has been mooted by his recent facility transfer. Accordingly, Franklin County seeks a full dismissal of this case. [R. 12-1.]

**II**

Upon review, the Court agrees with Franklin County that Johnson's transfer from the Franklin County Regional Jail to the Woodford County Detention Center materially changes the viability of Johnson's sole pending claim. The Court previously determined that Johnson's complaint sufficiently alleged a claim for injunctive relief against Franklin County because the complaint requested "new policies" to "[m]ake sure every inmate is fed at every meal" and to "ensure each tray has enough food." [*See* R. 1 at 10; R. 7 at 5.] There is no indication in the complaint that Johnson intended to bring such a claim against any defendant(s) unaffiliated with the Franklin County Regional Jail; instead, his concern was chiefly with the policies of the Franklin County Regional Jail and that facility's staff. [R. 1; R. 7.]

While a claim for monetary damages may survive beyond an inmate plaintiff's transfer from one facility to another, an inmate's claim for declaratory or injunctive relief becomes moot when he or she is transferred away from the institution where the underlying complaint arose.

---

[1] Although Johnson failed to inform the Court of his relocation in compliance with Local Rule 5.2(e), [*see* R. 10], the record makes clear that Johnson is no longer housed in Franklin County. [R. 12-2; R. 12-3.]

Franklin County correctly points this out in its motion to dismiss [*see* R. 12-1 at 3-4], and Sixth Circuit precedent on the matter is clear. *See, e.g.*, *Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (finding that the inmate's facility transfer mooted his request for injunctive relief where the inmate's claims were directed specifically towards his prior facility's policies and procedures); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) ("However, to the extent [the plaintiff] seeks declaratory and injunctive relief his claims are now moot as he is no longer confined to the institution that [allegedly violated his constitutional rights]").

As the Court acknowledged in its prior opinion, Johnson's complaint does not seek monetary damages at all but rather requests only injunctive relief. [*See* R. 1 at 10; R. 7 at 2.] And, in fact, the sole remaining claim in Johnson's action is the request for injunctive relief from Franklin County. [*See* R. 7 (dismissing all other claims).] Since Johnson is no longer incarcerated in Franklin County [*see* R. 12-2; R. 12-3], the request for injunctive relief from Franklin County has become moot. *Caruso*, 605 F.3d at 289; *Kensu*, 87 F.3d at 175. This mootness results in the immediate dismissal of Johnson's action under the Prison Litigation Reform Act, which provides for the court to "dismiss the case ***at any time*** if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2) (emphasis added). Because the sole claim in Johnson's action is clearly moot, the Court has no cause to address the remaining arguments in Franklin County's motion to dismiss.

### III

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Franklin County's Motion to Dismiss [R. 12] is **GRANTED**;

2. Johnson's claim for injunctive relief against Franklin County, Kentucky, is **DENIED AS MOOT**;

3. This matter is **CLOSED** and **STRICKEN** from the Court's active docket; and

4. Judgment shall be entered contemporaneously herewith.

This the 15th day of April, 2019.

Gregory F. Van Tatenhove
United States District Judge